UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 24, 2014

LETTER TO COUNSEL

RE:     *Laura A. Johns v. Commissioner, Social Security Administration*;
        Civil No. SAG-13-1136

Dear Counsel:

On April 17, 2013, the Plaintiff, Laura A. Johns, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 10, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Ms. Johns filed her claim on August 27, 2009, originally alleging disability beginning on October 11, 1986. (Tr. 195-96). At the hearing, she amended her onset date to April 21, 2000, making the relevant period the roughly twenty-one months between April 21, 2000 and her date last insured, December 31, 2001. (Tr. 24). Her claim was denied initially on January 29, 2010, and on reconsideration on August 17, 2010. (Tr. 63-65, Tr. 71-74). A hearing was held on July 7, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 22-60). Following the hearing, on July 18, 2011, the ALJ determined that Ms. Johns was not disabled during the relevant time frame. (Tr. 10-16). The Appeals Council denied Ms. Johns's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that through the date last insured, Ms. Johns suffered from the severe impairments of degenerative disc disease, hip pain, and obesity. (Tr. 12). Despite these impairments, the ALJ determined that Ms. Johns retained the residual functional capacity ("RFC") to "perform sedentary work as defined in 20 CFR 404.1567(a), with the additional limitation that she can do work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing, and that has a sit/stand option that allows her to sit or stand alternately, at will." (Tr. 13). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Johns was able to perform work existing in significant numbers in the national economy, and that she was not disabled during the relevant time frame. (Tr. 15-16).

Ms. Johns presents four arguments on appeal: (1) the ALJ erred by failing to compare her impairments to the relevant Listings; (2) the ALJ incorrectly assessed her RFC; (3) the ALJ improperly weighed the opinions of treating and examining physicians; and (4) the ALJ erred by failing to consider her subjective complaints of pain. Each argument lacks merit.

First, Ms. Johns contends that the ALJ erred by failing to compare her impairments to Listings 1.02, 1.04, 12.04, and 12.06. *See* Pl.'s Mot. 19. However, an ALJ is required to discuss listed impairments and compare them individually to Listing criteria *only when* there is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel,* 68 F. Supp. 2d 629, 645 (D. Md. 1999) (emphasis added). The burden to establish a disabling impairment at Step Three, by demonstrating that a Listing has been met or equaled, rests with the claimant. *Bowen v. Yuckert,* 482 U.S. 137, 146 (1987). Ms. Johns has not met that burden. There are few records regarding Ms. Johns's medical conditions, prior to December 31, 2001, her date last insured. In reviewing the limited evidence, the ALJ concluded that, "[n]o treating or examining physician has either offered an opinion or reported findings of listing level severity." (Tr. 13). I find that the ALJ's decision is supported by substantial evidence.

Listings 1.02 and 1.04 pertain to musculoskeletal impairments. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.01. Listing 1.02 requires the claimant to show major dysfunction of a joint characterized by several criteria, including, "gross anatomical deformity," "chronic joint pain and stiffness," and "joint space narrowing" with involvement of one major peripheral weight-bearing joint, "resulting in inability to ambulate effectively." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.02. While treatment notes from April, 2000, demonstrate that Ms. Johns had hip pain and "loss of disc space," *see* (Tr. 284-87), there is no evidence of "gross anatomical deformity" or an inability to ambulate effectively. Dr. Faust, Ms. Johns's treating physician, noted in April, 2000, that Ms. Johns walked with a limp on the right, and had tenderness and spasms at the right sciatic notch. (Tr. 285). However, in June, 2000, the limp was absent, and her motor strength was "normal." (Tr. 287).

Listing 1.04 describes criteria regarding disorders of the spine, such as degenerative disc disease, which result in compromise of a nerve root. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04. In order to satisfy Listing 1.04, the claimant must demonstrate nerve root compression accompanied by sensory or reflex loss, or spinal arachnoiditis. *Id.* at § 1.04. A MRI of Ms. Johns's lumbar spine showed "no abnormality which would produce right-sided neutral impingement." (Tr. 285). In addition, Ms. Johns's knee and ankle jerks were "present and symmetric." *Id.* at 287.

Similarly, there is no medical evidence in Ms. Johns's record that would trigger the ALJ's duty to evaluate Listings 12.04 and 12.06, which pertain to mental disorders. Ms. Johns testified at her hearing that she suffered from panic attacks and depression. *See* (Tr. 45-47). However, there is no medical evidence, prior to the date last insured, which shows that Ms. Johns was diagnosed or treated for any mental disorders. Therefore, I find no error with the ALJ's decision not to compare Ms. Johns's impairments to the relevant Listings.

Second, Ms. Johns argues that the ALJ erroneously assessed her RFC by concluding that she could perform sedentary work. Specifically, Ms. Johns takes issue with the hypotheticals that the ALJ posed to the VE. Pl.'s Mot. 27-28. Ms. Johns contends that the ALJ should have based the RFC on a hypothetical that included a limitation in which she could not "remain on

task more than 80 percent of the time." (Tr. 58). An ALJ is afforded "great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question." *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999) (citing *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1986)). The ALJ's RFC restricted Ms. Johns to sedentary work, with occasional postural limitations. (Tr. 13). As discussed above, there is limited medical evidence prior to Ms. Johns's date last insured, and no medical evidence supporting an inability to concentrate or to remain on task during the relevant time frame. The medical evidence that does exist supports only postural limitations, which were appropriately included in the ALJ's RFC. Therefore, remand is not warranted.

Next, Ms. Johns argues that the ALJ erred by failing to assign significant weight to the opinions of treating and examining physicians. Pl.'s Mot. 28. However, Ms. Johns's medical record is devoid of any opinions from her treating physicians prior to the date last insured. The sparse treatment notes from within the relevant time frame contain subjective medical history provided by Ms. Johns and some assessments and recommendations, but no formal opinions about Ms. Johns's ability to work that would necessitate assignment of weight. *See, e.g.* (Tr. 282-91). This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). It is the claimant's burden to produce medical records to support her claim. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (noting that the claimant bears the burden of proof during the first four steps of the sequential evaluation). While Ms. Johns's ability to present adequate medical evidence may have been hampered by the fact that she filed her claim for benefits more than seven years after her date last insured, the ALJ appropriately assessed the record that was presented to him.

Finally, Ms. Johns contends that the ALJ erroneously made an adverse credibility finding. Pl.'s Mot. 32-34. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints. *Craig*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects her ability to work." *Id.* at 595. The ALJ followed that process in this case. He determined that Ms. Johns's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 13). However, he did not find Ms. Johns's testimony concerning the intensity, persistence, and limiting effects of her symptoms to be fully credible. *Id.*

In the credibility analysis, the ALJ noted that during the period in which Ms. Johns complained of disabling back pain, she was the primary caregiver for three children, and even contemplated joining a gym shortly after her date last insured. (Tr. 14). The ALJ further discussed the fact that Ms. Johns provided no ongoing treatment records between 2000 and 2003, which encompasses the relevant time frame. *Id.* In addition, the ALJ noted that "no treating or examining physician has ever reported any sustaining disabling limitations due to the claimant's

degenerative disc disease and hip pain." *Id.* I find that the analysis provided by the ALJ provides substantial evidence to support his adverse credibility conclusion.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 10) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge